**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHIGAN GLASS AND GLAZING
INDUSTRY DEFINED CONTRIBUTION
PENSION PLAN, et al.,

      Plaintiffs,

v.                                          Case No. 06-CV-13087

YPSILANTI ACME GLASS AND
PAINT CO., d/b/a ACME GLASS
AND PAINT CO., d/b/a MICHIGAN
GLASS COMPANY,

      Defendant.
                                         /

**OPINION AND ORDER GRANTING PLAINTIFFS' "*EX-PARTE*
MOTION FOR EXAMINATION OF JUDGMENT DEBTOR"**

Pending before the court is Plaintiffs' November 2, 2007, "*Ex-parte* Motion for Examination of Judgment Debtor." For the reasons stated below, the court will grant Plaintiffs' motion.

On July 10, 2007, the court entered a consent judgment in favor of Plaintiffs and against Defendant Ypsilanti Acme Glass and Paint Company in the amount of $87,632.38, plus interest, less a credit for all amounts paid by Defendant under the settlement agreement. (7/10/07 Stip. Order.) As of the filing of Plaintiffs' motion, the judgment remains unsatisfied and there is an outstanding balance of $52,663.24. (Pls.' Mot. at ¶ 3.)

Plaintiffs presently seek discovery from Elyse McDonald, Defendant's officer and director. Plaintiffs seek to examine McDonald under oath concerning Defendant's

income, property and other means of satisfying the judgment, and to compel McDonald to produce certain books, records and papers related to Defendant's financial status. (*See generally* Pls.' Mot.)

Federal Rule of Civil Procedure 69 provides in pertinent part:

> In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed. R. Civ. P. 69. Furthermore, the Michigan Revised Judicature Act, Mich. Comp. Laws § 600.6104, provides in relevant part:

> After judgment for money has been rendered in an action in any court of this state, the judge may, on motion in that action or in a subsequent proceeding:
>
> (1) Compel a discovery of any property or things in action belonging to a judgment debtor, and of any property, money, or things in action due to him, or held in trust for him;

Mich. Comp. Laws § 600.6104.

The court is persuaded that the requested discovery is reasonable and necessary in light of Defendant's failure to satisfy the judgment. Accordingly,

IT IS ORDERED that Plaintiffs' "*Ex-parte* Motion for Examination of Judgment Debtor" [Dkt. # 25] is GRANTED. The court will issue a separate order directing McDonald to comply with the discovery discussed in this order.[1]

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: November 14, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 14, 2007, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

---

[1] Plaintiffs' motion also requests the court to order a restraint of the transfer of any of Defendant's property. (Pls.' Mot. at 3.) If Plaintiffs wish to pursue this request, they must provide the court with a basis for granting such a request, as the court is inclined to believe that a wholesale restraint would be rather extreme and unduly burdensome to Defendant. Plaintiffs' blanket assertion that a restraint is necessary because "since defendant has not paid this judgment voluntarily, defendant will place its property beyond the reach of this court unless restrained from doing so" (Craig Zucker Aff. at ¶ 4, attached to Pls.' Mot.), is insufficient.